THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ G. MARTÍNEZ LUCENA, Defendant and Appellant.

No. CR-65-43.     Decided December 7, 1965.

*Luisa María Capó* and *Yamil Galib Frangie* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for The People.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

An information was filed against José G. Martínez Lucena, appellant herein, for the crime of involuntary manslaughter charging him that while driving a motor vehicle, through his negligence, carelessness and lack of circumspection, he ran over Bernardino Gutiérrez killing him. As elements of lack of caution and circumspection, it was alleged that he was operating the vehicle at excessive speed, that he swerved unnecessarily to the left, did not blow any horn or alarm device, and disregarded the width of the road and the traffic of pedestrians along the public thoroughfare.

In expounding his theory to the jury, the district attorney announced that he was going to prove, among other things, that Martínez "deliberately swerved to the left pretending to run over a group of girls as a joke," and that prior to the day of the occurrence "he had pretended to run over a girl, also playing the joke of 'I'm going to kill you' and making zigzags." Thereupon the defense moved to dis-

charge the jury because of the prejudice which the mere reference to former actions was causing to defendant. The district attorney alleged that that evidence was material as "part of a plan, of a common plan to commit involuntary manslaughter." After inquiring whether there was evidence to establish such fact and on the contemporaneousness of the acts—it was stated that they occurred in a period of about two months prior to the accident—the motion by the defense was overruled. In the course of the prosecution, while witness Migdalia Nazario was testifying, objection was again made to the admissibility of the testimony to the effect that on three prior occasions defendant had pretended to run over her as a joke. The ground adduced was that the evidence on defendant's previous criminal acts should be excluded, unless attempt was made to establish the motive or plan of the action for which he was being tried. In ratifying its opinion, the court stated:

"The court believes, and in that we are all agreed, that in Puerto Rico it has been held that former acts, acts of an accused, can be alleged when the purpose sought thereby is to establish intent. It is the opinion of this court that in cases of involuntary manslaughter the negligence resulting in damage, producing the damage, is the criminal intent. Negligence cannot be separated from criminal intent in these cases. Then, if the criminal intent can be established by alleging former acts of like nature performed by defendant, in that case the court is of the opinion that former acts should be admitted in order to prove the degree of negligence producing the damage."

■ In the present appeal the efforts hinge on the assignment that the trial court erred in permitting the reference made by the district attorney in his opening statement to the jury, and in admitting evidence on similar former actions of defendant which constitute violations of law. We have consistently held that in a criminal prosecution defendant may be tried only for the offense charged in the information and, therefore, evidence of other offenses committed by him

is not admissible, except when the former offense (a) is a material fact to establish the commission of the crime charged; (b) when it is a part of the *res gestae*; (c) it shows motive, intent, premeditation, malice, or a common plan; or (d) forms part of the same transaction. *People* v. *Aponte*, 83 P.R.R. 491, 497 (1961); *People* v. *Pérez*, 83 P.R.R. 357, 360 (1961); *People* v. *Fournier*, 80 P.R.R. 376, 397 (1958); *People* v. *García*, 78 P.R.R. 379 (1955); *People* v. *Archeval*, 74 P.R.R. 478 (1953); *People* v. *Román*, 70 P.R.R. 48 (1949); *People* v. *Arroyo*, 67 P.R.R. 33 (1947); *People* v. *Rodríguez*, 66 P.R.R. 302, 310 (1946); *People* v. *Piazza*, 60 P.R.R. 561, 565 (1942); *People* v. *González*, 57 P.R.R. 729 (1940); *People* v. *Pérez*, 47 P.R.R. 724, 751 (1934). Assuming that the commission by appellant of "other offenses" was actually involved in the present case, it seems clear that the evidence was not admissible since it does not come within any of the recognized exceptions which we have enumerated. To pretend to assimilate the element of negligence of the offense of involuntary manslaughter to that of the intent to kill of the offense of murder for the purpose of bringing the case within the frame of the proposition to show motive, intent, premeditation, malice or common plan, amounts to disregarding the very principle of the rule. We cannot agree in such a broad extension of an exception to an exclusionary rule formulated for the benefit of defendant.

What actually happened in the present case is an error in the view taken of the character of the evidence offered. As we have held, it is not a question of former offenses to establish intent. The reception of evidence of defendant's former actions could only be justified as evidence of habit. It therefore remains for us to consider whether it was properly admissible as such.

██ For the purposes of evidence in civil and criminal actions, habit means a course of behavior of a person regu-

larly repeated in like circumstances.[1] II Wigmore, Evidence, § 375 *et seq.* (3d ed. 1940); I Wharton, Criminal Evidence 495, § 232 (12th ed.); McCormick, Evidence, § 162 (1954); Model Code of Evidence, Rule 307(1), p. 189. In general, where a habit is to be evidenced by specific instances, it is necessary (a) to produce evidence on a sufficient number of instances to base an inference of systematic conduct; and (b) that these instances should have occurred under substantially similar circumstances so as to exclude the possibility of casual recurrences. Wigmore, *op. cit.* § 376; Model Code of Evidence, Rule 307(3), p. 189. There are jurisdictions which absolutely exclude evidence on the habits of a person. The rule favored in California and Illinois as well as in other states is that which permits its admission whenever the fact sought to be established cannot be proved by means of eyewitnesses, thereby raising a presumption of circumstantial evidence. Blashfield, Cyclopedia of Automobile Law and Practice, § 6191. See, also, Lewan, *The Rationale of Habit Evidence*, 16 Syracuse L. Rev. 39 (1964); Hurlbutt, *Proof of Conduct as Evidence of Negligence or Care*, 28 Albany L. Rev. 245 (1964); Note, 10 Vand. L. Rev. 447 (1957). In Puerto Rico we have not considered the problem directly, although perhaps there may be occasions in which we have admitted evidence of habits under some other name.

■ The evidence on habits performs an important function in civil litigation, especially in the fields of contracts and extracontractual liability. It has not been similarly developed in criminal prosecution, undoubtedly because of the hazards involved if it were submitted to the consideration of a jury likely to be unduly influenced in its determinations

---

[1] Although on many occasions they are interchangeably used, evidence of habit and evidence of character are not synonymous terms. In general, "character" means the aggregate of a person's traits and cannot be proved —like habit—by specific examples of the conduct of a person. See I Jones, Evidence, § 191; *People* v. *Díaz*, 61 P.R.R. 873 (1942).

by collateral considerations, such as the existence or non-existence of a habit. That is why, according to what we have consistently held respecting evidence of character or reputation, *People* v. *Arroyo*, 67 P.R.R. 33 (1946), we do not hesitate to decide that material evidence of a habit of defendant is admissible when the latter offers the same, and that when it is offered by the district attorney it is admissible only after defendant has presented evidence of the habit.[2] The initiative to introduce evidence of habit being thus placed on defendant, we rely on the same rationale underlying the admission of evidence on character: to prevent that criminal responsibility be determined by elements alien and extraneous to the offense charged.

Under the rule stated, evidence on defendant's former actions was not admissible either. Moreover, clearly the number of instances was not sufficient to determine the existence of a habit.

■ However, even though the error assigned was committed, an examination of the transcript of evidence convinces us that it was not so prejudicial as to warrant reversal of the judgment. The rest of the prosecution evidence offered was strong and convincing to establish appellant's negligence and lack of caution and circumspection. The testimony of three eyewitnesses established that appellant was operating a vehicle along a school zone at a speed greater than that permitted; that as he drew near the place where the school was situated, he swerved in order to scare a group of school children who were near the school fence; that he lost control and ran over the victim who was walking along the pedestrians' lane. In opposition to this evidence, only a weak attempt was made through the testimony of defendant himself to allege that the accident occurred as defendant

---

[2] This rule has no equivalent in the Model Code of Evidence in the Uniform Rules. *Cf.* Rule 305(4) of the draft of the Rules of Evidence submitted by the Supreme Court to the Legislative Assembly.

swerved in order not to hit the victim "who was going to fall upon the car; I applied the brakes and stopped there, but the car skidded nonetheless on the gravel and . . . I hit him with the rear part." *People* v. *Crossan*, 261 Pac. 531 (1927), relied on by appellant, is distinguishable, since, as stated in the opinion, the evidence on former actions was abundant and the impression made on the jury must have been such as to bring about a conviction, regardless of any other evidence (p. 535 *in fine*). The foregoing disposes of the assignment on the sufficiency of the evidence.

■ Lastly, although as a rule we do not disturb the discretion of the trial court in the imposition of penalty, considering all the circumstances of the case, we believe that the penalty of three years' imprisonment in jail is not justified. The penalty is reduced to one year in jail and, as thus modified, the judgment rendered by the Superior Court, Mayagüez Part, on October 26, 1962, will be affirmed.